**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,                              Case No.

        Plaintiff,

vs.

DAVID WILLIAMSON, RC26634, LLC,
and STREAMLINED PROPERTY
MANAGEMENT & REAL ESTATE, LLC,

        Defendants.

_____/

**COMPLAINT FOR DECLARATORY RELIEF**

CRUM & FORSTER SPECIALTY INSURANCE COMPANY ("CFSIC")

sues DAVIS WILLIAMSON ("Williamson"), RC26634, LLC ("RC26634"), and

STREAMLINED PROPERTY MANAGEMENT & REAL ESTATE, LLC

("Streamlined") and states:

**NATURE OF ACTION**

1.     This is an action for declaratory relief under 28 U.S.C. § 2201 for the

purpose of determining a question of actual controversy by and between the parties,

wherein CFSIC seeks a judicial determination of its rights and obligations to

Defendants under a commercial general liability policy.

**THE PARTIES**

2.      CFSIC is a Delaware corporation with a statutory home office in Delaware and main administrative office in Morristown, New Jersey. Thus, CFSIC is a citizen of Delaware and New Jersey.

3.      RC26634 is a Florida limited liability company whose sole member is Rolf Eggers, who is domiciled in and thus a citizen of Florida. Consequently, RC26634 is a Florida citizen.

4.      At all times material hereto, RC26634 owned and operated the Palm & Pines RV Park in Felda, Florida (the "RV Park").

5.      David Williamson is domiciled in Florida and, thus, is a Florida citizen.

6.      At all times material hereto, Williamson was a resident of the RV Park.

7.      Streamlined is a Florida limited liability company, whose sole members are Orly Pelossof, Yair Pelossof, and Daniel Lee Norden, all of whom are domiciled in and thus citizens of Florida. Consequently, Streamlined is a Florida citizen.

8.      At all times material hereto, Streamlined was RC26634's property manager for the RV Park.

**JURISDICTION AND VENUE**

9.      Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and costs.

10.     Venue is proper in this district because a substantial part of the events giving rise to the claim occurred in this district. 28 U.S.C. § 1391(a)(2). Specifically,

the underlying action is venued in this district and the underlying claims accrued in this district.

11.     All conditions precedent have occurred, been performed, or have been waived.

## FACTS

**A.     The Underlying Lawsuit**

12.     On October 28, 2025, David Williamson filed a complaint against RC26634 and Streamlined in the matter styled as *David Williamson v. RC26634, LLC, et al.*, Hendry County, Florida, Circuit Court Case No. 25-CA-000589 (the "Underlying Action"). A true and correct copy of Williamson's Complaint in the Underlying Action is attached hereto as **Exhibit A**.

13.     Williamson alleges that RC26634 and Streamlined "owned, operated, controlled, and/or managed the property known as Palm and Pines RV Park located at 16225 S. State Road 29, Felda, Florida 33930, including the wastewater treatment facility on the property located at 1225 State Road 29 South, Felda, Florida, 33930."

14.     Williamson alleges that, on July 16, 2025, he was a "business invitee" at the RV Park and that, on that date, he "came into contact with hazardous conditions on the property, specifically untreated wastewater, sewage, and ground contamination on the common grounds and walkways accessible to residents and guests."

15.     Williamson contends that the "wastewater, sewage, and contamination" was released from a wastewater treatment facility at the RV Park and "could cause dangerous bacterial exposure."

3

16.    Williamson alleges he sustained bodily injuries as a result of coming into contact with the "wastewater, sewage and ground contamination."

17.    Williamson's Complaint in the Underlying Action contains identical counts sounding in negligence against RC26634 and Streamlined in which he seeks damages for his alleged injuries.

**B.    The Policy**

18.    CFSIC issued to RC26634 a commercial general liability policy numbered BAS-59164-1, which has an effective period of June 20, 2025, through June 20, 2026 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit B**.

19.    The Policy contains a Commercial General Liability Coverage Form (CG 00 01 12 07) that provides, in relevant part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. . . .

    **b.**    This insurance applies to 'bodily injury' and 'property damage' only if:

        **(1)**    The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';

4

**(2)** The 'bodily injury' or 'property damage' occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no 'employee' authorized by you to give or receive notice of an 'occurrence' or claim, knew that the 'bodily injury' or 'property damage' had occurred, in whole or in part. If such a listed insured or authorized 'employee' knew, prior to the policy period, that the 'bodily injury' or 'property damage' occurred, then any continuation, change or resumption of such 'bodily injury' or 'property damage' during or after the policy period will be deemed to have been known prior to the policy period.

20.    The Policy contains an endorsement titled Limitation of Coverage to Business Description (SB064-0615), which provides as follows:

### LIMITATION OF COVERAGE TO BUSINESS DESCRIPTION

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

BUSINESS DESCRIPTION:    Class Codes as shown on form SB049 CGL Part Declarations - Item 3. and, if applicable, Class Codes shown on form SB071 CGL Part Declarations Extension

A.    **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b.** is amended and the following added:

**(4)** The 'bodily injury' or 'property damage' is caused by or results from the business described in the Schedule.

21.    The Policy contains form SB049, which is titled Commercial General Liability Coverage Part Declarations and identifies the following classification codes: "Campgrounds (if not associated with a Mobile Home Park) - Other than not for

5

profit" and "Club-civic, service or social-having buildings or premises owned or leased - Not for profit only - Incidental to other operations."

22.    The Policy contains a Hazardous Materials Exclusion endorsement (SB022-0124), which, in relevant part, provides:

**HAZARDOUS MATERIALS EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A.    **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions, f.** and **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions, n.** and **m.** are replaced by the following:

This insurance does not apply to:

**Hazardous Materials**

(1)    'Bodily injury', 'property damage' or 'personal and advertising injury' which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'hazardous materials' at any time.

(2)    Any loss, cost or expense arising out of any:

    (a)    Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of 'hazardous materials'; or

    (b)    Claim or 'suit' by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of 'hazardous materials'.

6

**(3)** Any obligations to share damages with or indemnify another party whom must pay damages because of injury or damage relating to 'hazardous materials'.

**(4)** Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with paragraphs **(1)**, **(2)**, or **(3)** above.

This exclusion applies whether or not such 'hazardous material(s)' has any function in your business, operations, premises, site or location.

**B.** **SECTION V – DEFINITIONS** is amended and the following added:

**1.** 'Hazardous materials' means 'pollutants', lead, asbestos, silica, 'perfluoroalkyl or polyfluoroalkyl substances' and materials containing them.

23. The CGL Coverage Form defines "pollutants" to mean "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

24. The Policy contains a Fungi or Bacteria Exclusion endorsement (CG 21 67 12 04) that provides, in relevant part:

### FUNGI OR BACTERIA EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability: 2. Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

**a.** 'Bodily injury' or 'property damage' which would not have occurred, in whole or in part, but for the actual, alleged or

7

threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

**b.**     Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, 'fungi' or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any 'fungi' or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

\* \* \*

**C.**     The following definition is added to the **Definitions** Section:

'Fungi' means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

25.     The Policy contains a Communicable Disease Exclusion endorsement (CG 21 32 05 09) that provides, in relevant part:

**COMMUNICABLE DISEASE EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     The following exclusion is added to Paragraph **2. Exclusions** of Section **I – Coverage A – Bodily Injury And Property Damage Liability:**

**2.     Exclusions**

This insurance does not apply to:

**Communicable Disease**

'Bodily injury' or 'property damage' arising out of the actual or alleged transmission of a communicable disease.

8

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the:

a.      Supervising, hiring, employing, training or monitoring of others that may be infected with and spread a communicable disease;

b.      Testing for a communicable disease;

c.      Failure to prevent the spread of the disease; or

d.      Failure to report the disease to authorities.

26.    The Policy contains a Maintenance and Habitability Exclusion (SB574 (12 24)) that provides:

## MAINTENANCE AND HABITABILITY EXCLUSION

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE FORM

The following exclusion is added:

This insurance does not apply to and we shall have no duty to defend or indemnify:

1.      Any claim, demand, suit, action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief alleging 'bodily injury', 'property damage', or 'personal and advertising injury' arising out of the insured's failure to maintain any premises, site or location in a tenantable, habitable, livable or usable condition and/or for which a claim is made or 'suit' filed alleging actual or constructive wrongful eviction, violation or any rent stabilization laws and ordinances, and/or violation of any local, state, and/or federal code, law ordinance, statute, rule or regulation, that relates to the tenantability, habitability, condition, maintenance or upkeep of any premises, site or location, whether this:

a.      Arises in whole or in part out of claims and/or allegations that any part of the premises, site or location is/was untenantable, not habitable and/or was improperly maintained;

9

**b.** Arises out of a chain of events which includes a claim that any part of the premises, site or location is/was untenantable, not habitable and/or was improperly maintained, regardless of whether the tenantability maintenance and habitability claim is the initial precipitating event or a substantial cause of the alleged damage or injury; or

**c.** Arises out of a claim that any part of the premises, site or location at issue is/was untenantable, not habitable and/or was improperly maintained as a concurrent cause of injury, regardless of whether the
tenantability, maintenance and habitability claim is the proximate cause of damage or injury.

**2.** Any other claim that is alleged in any claim or 'suit' that also alleges any matter set forth in Paragraph **1.** above.

**C.** **The Coverage Dispute**

27. RC26634 and Streamlined each tendered their defense and indemnity against the claims pleaded against them in the Underlying Action to CFSIC, and, therefore, RC26634 and Streamlined appear to believe they are entitled to coverage for those claims under the Policy.

28. CFSIC is defending RC26634 and Streamlined in the Underlying Action, subject to complete reservations of rights.

29. CFSIC has incurred and will continue to incur expenses associated with the investigation, defense, and handling of the claims.

30. All conditions precedent to bringing this action have been performed or otherwise waived.

**CLAIM FOR DECLARATORY JUDGMENT**

31.    A justiciable controversy exists between CFSIC and the Defendants about whether the Policy provides coverages for the claims alleged against RC26634 and Streamlined in the Underlying Action.

32.    CFSIC thus seeks the Court's declaration of the parties' rights and duties under the policies under 28 U.S.C. § 2201.

**COUNT I – NO DUTY TO DEFEND RC26634 UNDER THE POLICY**

33.    CFSIC re-alleges paragraphs 1 through 32 as if fully set forth herein.

34.    The Policy's Hazardous Materials Exclusion, Fungi or Bacteria Exclusion, Communicable Disease Exclusion, and Maintenance and Habitability Exclusion endorsements operate individually or collectively to preclude coverage for the damages Williamson seeks from RC26634 in the Underlying Action.

35.    Because the Policy does not cover the damages sought from RC26634 in the Underlying Action, CFSIC has no duty to defend RC26634 under the Policy with respect to the claims made against RC26634 in the Underlying Action.

**WHEREFORE**, CFSIC respectfully requests the following:

a.    That the Court take jurisdiction and adjudicate the rights of CFSIC, Williamson, and RC26634 under the Policy; and,

b.    That the Court declare that CFSIC has no obligation to defend RC26634 in the Underlying Action under the Policy.

11

## COUNT II – NO DUTY TO INDEMNIFY RC26634 UNDER POLICY

36.     CFSIC re-alleges paragraphs 1 through 32, 34, and 35 as if fully set forth herein.

37.     Because CFSIC has no duty to defend RC26634 under the Policy with respect to the claims made in the Underlying Action, CFSIC has no duty to indemnify RC26634 against those claims under the Policy.

**WHEREFORE**, CFSIC respectfully requests the following:

a.      That the Court take jurisdiction and adjudicate the rights of CFSIC, Williamson, and RC26634 under the Policy;

b.      That the Court declare that CFSIC has no obligation to defend RC26634 in the Underlying Action under the Policy; and,

c.      That the Court declare that CFSIC has no duty to indemnify RC26634 in the Underlying Action under the Policy because CFSIC has no obligation to defend RC26634 in the Underlying Action under the Policy.

## COUNT III – NO DUTY TO DEFEND STREAMLINED UNDER THE POLICY

38.     CFSIC re-alleges paragraphs 1 through 32 as if fully set forth herein.

39.     The Policy's Hazardous Materials Exclusion, Fungi or Bacteria Exclusion, Communicable Disease Exclusion, and Maintenance and Habitability Exclusion endorsements operate individually or collectively to preclude coverage for the damages Williamson seeks from Streamlined in the Underlying Action.

40.    Because the Policy does not cover the damages sought from Streamlined in the Underlying Action, CFSIC has no duty to defend Streamlined under the Policy with respect to the claims made against Streamlined in the Underlying Action.

**WHEREFORE**, CFSIC respectfully requests the following:

a.    That the Court take jurisdiction and adjudicate the rights of CFSIC, Williamson, and Streamlined under the Policy; and,

b.    That the Court declare that CFSIC has no obligation to defend Streamlined in the Underlying Action under the Policy.

## COUNT IV – NO DUTY TO INDEMNIFY STREAMLINED UNDER THE POLICY

41.    CFSIC re-alleges paragraphs 1 through 32, 39, and 40 as if fully set forth herein.

42.    Because CFSIC has no duty to defend Streamlined under the Policy with respect to the claims made in the Underlying Action, CFSIC has no duty to indemnify Streamlined against those claims under the Policy.

**WHEREFORE**, CFSIC respectfully requests the following:

a.    That the Court take jurisdiction and adjudicate the rights of CFSIC, Williamson, and Streamlined under the Policy;

b.    That the Court declare that CFSIC has no obligation to defend Streamlined in the Underlying Action under the Policy; and,

c.      That the Court declare that CFSIC has no duty to indemnify Streamlined in the Underlying Action under the Policy because CFSIC has no obligation to defend Streamlined in the Underlying Action under the Policy.

DATED: June 4, 2026.          Respectfully submitted,

**KENNEDYS CMK LLP**
*Counsel for Crum & Forster Specialty Insurance Company*
1111 Brickell Avenue, Suite 1300
Miami, FL 33131
Tel: (305) 371-1111
Fax: (305) 374-8066

*/s/ Jorge A. Maza*
**JORGE A. MAZA**
Fla. Bar No. 94882
Email: jorge.maza@kennedyslaw.com
Secondary: jamservice@kennedyslaw.com
*/s/ Gabi Garcia*
**GABI GARCIA**
Fla. Bar No. 1032333
Email: gabi.garcia@kennedyslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 4th, 2026, I electronically filed the foregoing by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Jorge A. Maza*
**JORGE A. MAZA**
Fla. Bar No. 94882

14